The State ex rel. Lee Greenlee v. Vernon L. Drain, Judge of Second Judicial Circuit.—295 S. W. 534.

Division Two, June 3, 1927.

1. CHANGE OF VENUE: Subsequent Jurisdiction. A change of venue having been granted by order of the court from a county on account of the bias and prejudice of the inhabitants against the applicant, the circuit court of such county was thereby deprived of all power and jurisdiction to try the case, at once and forever; and the circuit court of the county having lost jurisdiction to try the case, the judge of said court thereafter had no more jurisdiction than the court had.

2. ———: ———: Restored by Other Party. A change of venue from one county to another having been granted upon the application of the plaintiff in a civil case, charging bias and prejudice of its inhabitants, the case cannot be re-transferred to the same county on the application of the defendants charging bias and prejudice on the part of the inhabitants of the county to which the case had been transferred. The circuit court of the county in which the order changing the venue was made on plaintiff's application having forever lost jurisdiction to try the case that jurisdiction could not be restored by defendants or by the judge of the circuit.

3. ———: ———: Statute: Act 1921. The words "some county in the same, adjoining or next adjoining circuit" found in Section 1361, Laws 1921, page 204, declaring that if the application be sufficient, "a change of venue shall be awarded to some county in the same, adjoining or next adjoining circuit," mean necessarily some county which would have jurisdiction to try the cause, and not a county which could not possibly have jurisdiction; they do not mean a county in which the circuit court forever lost jurisdiction by an order changing the venue to another county.

4. ———: ———: Ten-Dollar Transfer Fee: Adjoining Circuit. A change of venue on account of the bias and prejudice of the inhabitants was granted from one to the other of two counties composing a judicial circuit, upon the application of the plaintiff in a civil case, and in the circuit court of the transferee county the defendants made application for a change of venue on account of the bias and prejudice of the inhabitants of said county, but did not deposit the ten-dollar change-of-venue fee required by the statute (Sec. 1372, R. S. 1919) to be deposited with the application by a party asking for a change of venue from a county in one circuit to a county in another circuit, and the court granted the application and ordered the cause transferred back to the county from which the change had been made upon the

plaintiff's application.  **Held**, that the circuit court of the county to which the case was re-transferred has no jurisdiction, and never can have, to try the case, and the case necessarily had to be sent to a county in the adjoining or next adjoining circuit, and the court should have exacted of defendant the ten-dollar fee, and if not deposited should have denied defendant's application.

---

Corpus Juris-Cyc. References: **Venue**, 40 Cyc., p. 173, n. 55; p. 180, n. 27.

### Prohibition.

PRELIMINARY RULE MADE ABSOLUTE (*with directions*).

Otho F. Matthews and Ed S. Jones for relator.

Waldo Edwards and Nat M. Lacy for respondent.

BLAIR, J.—This is an original proceeding in prohibition.  Respondent is judge of the Second Judicial Circuit, composed of the counties of Shelby and Macon.  The civil case of Lee Greenlee, plaintiff, v. Timmons et al., defendants, was pending in the Circuit Court of Shelby County.  Upon the application of Greenlee a change of venue was granted to Macon County in the same circuit, on account of the bias and prejudice of the inhabitants of Shelby County against him.

After the case reached Macon County, defendants filed an application for change of venue, on account of the bias and prejudice of the inhabitants of Macon County against them.  Defendants did not deposit the ten-dollar change of venue fee required by Section 1372, Revised Statutes 1919, to be deposited with the application when a party to a civil case asks for a change of venue from a county in one circuit to a county in another circuit.  Respondent sustained defendants' application for change of venue, and ordered the case transferred to Shelby County, whence it had already been removed upon application for change of venue made by the plaintiff.

The sole question raised on this record is whether respondent, sitting as judge of the Circuit Court of Shelby County, has jurisdiction to try the case.  The sufficiency of the applications respectively made by the parties and the propriety of the order sustaining the application of plaintiff made in Shelby County are not questioned.  The only differences of opinion between relator and respondent are whether respondent properly sustained defendants' application, when not accom-

317 Mo. Sup.—24.

panied by the ten-dollar change of venue fee, and whether he could send the case back to Shelby County in any event.

The statutes to be considered are Section 1372, Revised Statutes 1919, and Section 1361, Laws 1921 (regular session), page 204. So much of the 1921 Act as is pertinent here reads as follows:

"If reasonable notice shall have been given to the adverse party or his attorney of record, the court or judge, as the case may be, shall consider the application, and if it be sufficient, a change of venue shall be awarded to some county in the same, adjoining or next adjoining circuit, convenient to the parties for the trial of the case, and where the causes complained of do not exist. . . ."

That portion of Section 1372 necessary to quote is as follows:

"Whenever any change of venue is applied for in any civil cause from any circuit court of any county, or city constituting a county, to any other county or such city, in another circuit, the party or person applying for such change of venue shall, with his application, deposit with the clerk of the circuit court the sum of ten dollars."

It is respondent's contention that the words in new Section 1361, "where the causes complained of do not exist," apply only to the causes complained of by defendants in their application for change of venue, to-wit, the bias and prejudice of the inhabitants of Macon County against them. While those words may be susceptible of such construction, we do not deem it necessary to enter into a consideration of their meaning, because it seems that the case can well be determined on other considerations.

It cannot be doubted that the Circuit Court of Shelby County was completely deprived of all power and jurisdiction to try the case of Greenlee v. Timmons, as soon as and forever after the order granting the change of venue was made. Certain it is that the power and jurisdiction of that court to try said case could not be restored to it by any act of a party who did not apply for the change of venue granted from said county.

Regardless of the propriety of sending the case back to Shelby County for the reason that the causes complained of by defendants did not exist in that county, it is clear that the Circuit Court of Shelby County, having once lost jurisdiction of the case, could not have such jurisdiction restored by defendants' change of venue. Sitting as judge of said court, respondent had no more jurisdiction than the court had. That court was as utterly without jurisdiction as if its process had never been served on the parties and they had not voluntarily entered their appearance therein. After the order granting the change of venue from Shelby County had been made, the circuit court of that county completely lost jurisdiction. Respondent could no more restore such jurisdiction by sending the case back to Shelby County than he could restore such jurisdiction after the term

ended by attempting to set aside the order granting such change of venue or by any other unauthorized act of his. Such being the case and it appearing that respondent is now asserting that he has such jurisdiction, based upon the record made in Macon County, our preliminary rule was properly invoked and should be made absolute, regardless of any other question in the case.

The words "some county in the same, adjoining or next adjoining circuit," found in Section 1361, Laws 1921, page 204, must necessarily be construed to mean some county which would have jurisdiction to try the case, if it should be sent there upon change of venue, and not a county which could not possibly have jurisdiction. If such practice could be tolerated and the case could rightfully be returned to Shelby County, then either the plaintiff would have no further right to take a change of venue (Section 1361) and the change of venue he had already taken would be effectually nullified by the change of venue taken by defendants or, if he could take another change of venue, defendants could do likewise, and the case would become a football to be kicked back and forth between the two counties without limit. Neither alternative is allowable or even thinkable.

When the application for change of venue was filed by defendants, respondent and defendants knew, or should have known, that the jurisdiction of Shelby County could not be restored and that the case must be sent to some county in another circuit. Therefore, respondent should have exacted and defendant should have paid the ten-dollar change of venue fee required by Section 1372 when a change of venue is applied for from one county to a county in another circuit. The case necessarily had to be sent outside of the Second Judicial Circuit, under the circumstances. Respondent should have denied the application for change of venue filed by defendants when they did not deposit the fee therefor.

The only course to be pursued appears to be for respondent to make an order sending the case back to Macon County and there to set aside the order transferring the case to Shelby County and to overrule the application of defendants for change of venue, unless they sooner deposit the required change of venue fee.

From the foregoing, it follows that our preliminary rule should be made absolute and that respondent, as judge of the Shelby County Circuit Court, should be prohibited from taking any further steps in the case of Greenlee v. John Timmons et al., in Shelby County, except to transfer said case back to the Macon County Circuit Court. It is so ordered. All concur.